# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:06-CR-147 |
| | § | |
| TYRELL THIN ELK | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 9, 2013, alleging that the Defendant, Tyrell Thin Elk, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on March 22, 2007, before the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of assault on a federal corrections officer, a Class D felony. The offense carried a statutory maximum imprisonment term of 8 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of VI, was 37 to 46 months. The Defendant was sentenced to 46 months' imprisonment, followed by 2 years of supervised release subject to the standard conditions of release, plus special conditions to include: alcohol abstinence; drug aftercare; mental health aftercare; and a $100 special assessment.

## II. The Period of Supervision

On March 4, 2013, the Defendant completed his term of imprisonment and began service of the supervision term in the District of South Dakota, Central Division. On December 4, 2013, his terms of supervision were revoked in South Dakota, Central Division under Cause Numbers 3:01CR30083 and 3:01CR30044 for failing to participate in psychiatric treatment, and he was sentenced to 14 months' imprisonment under each cause number to be served consecutively.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on December 9, 2013, alleging the same violation: the Defendant failed to undergo psychiatric or psychological treatment by missing an appointment with his psychiatrist on March 11, 2013.

## IV. Proceedings

On January 22, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the allegation that he violated a special condition of supervised release, to wit: the Defendant shall complete mental health aftercare.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of sixty (60) days of imprisonment with no supervised release upon release from imprisonment, to run consecutively to any other sentence of imprisonment.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class D felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to complete mental health aftercare, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a

term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. As stated above, the Defendant is currently serving two fourteen month sentences, so the sentence imposed in this case will run consecutively to those sentences and any other sentences the Defendant may be serving.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated her conditions of supervised release by failing to complete mental health aftercare. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violation. However, there are mitigating circumstances in this case that justify a downward variance from the recommended guideline range. The Defendant proffered evidence that he missed his scheduled mental health appointment due to lack of transportation and notified the provider prior to the set time. Further, the Defendant has made all subsequent appointments with his mental health provider. In addition, this is the third time that the Defendant is being punished for the same violation based upon the same exact conduct. He was previously sentenced to two separate fourteen month terms of imprisonment, each to be served consecutively, based upon the same violation. Consequently, the sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of sixty (60) days of imprisonment with no supervised release to follow, to be served consecutively to any other sentence of imprisonment that the Defendant is serving. The Government does not object to this downward variance.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to complete mental health aftercare.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should receive a sentence of sixty (60) days of imprisonment with no supervised release to follow, to be served consecutively to any other sentence of imprisonment that the Defendant is serving.

4. The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Devons, Massachusetts to facilitate medical treatment. The court should recommend this facility if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 22nd day of January, 2014.

_____
Zack Hawthorn
United States Magistrate Judge